UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARL D. EDWARDS,<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY, et al.,<br><br>Defendants. | Case No. 2:13-cv-01530-JAD-PAL<br><br>**ORDER**<br><br>(IFP App - Dkt. #1)<br>(Mtn to Appoint - Dkt. #2) |

This matter is before the court on Plaintiff Carl D. Edwards' Application to Proceed In Forma Pauperis (Dkt. #1) and Plaintiff's Motion to Appoint Counsel (Dkt. #2). Plaintiff is a prisoner and is proceeding pro se in this action.

**I. Plaintiff's IFP Application.**

Plaintiff has submitted the affidavit required by 18 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed in forma pauperis will be granted. Because Plaintiff is a prisoner, pursuant to 28 U.S.C. § 1915, Plaintiff must pay an initial partial filing fee of the greater of twenty percent of the average monthly deposits or twenty percent of the average monthly balance of his account for the six months immediately preceding the commencement of this action. *See* 28 U.S.C. § 1915(b)(1). Plaintiff's average monthly balance is $0, and his average monthly deposit is $0, and his current account balance is $0. Therefore, the court finds that Plaintiff is not required to pay an initial partial filing fee. However, Plaintiff will be required to make monthly installment payments of twenty percent of the preceding month's income credited to his prison account in any month his account balance is greater than ten dollars until the filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(2).

/ / /

**II. Screening the Complaint.**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

The Complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983

does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

Plaintiff's claims arise out of the incarceration of his son, K.E., in juvenile custody. In Count One, Plaintiff alleges that Eagle Quest, Inc., Michael DiLorenzo, Stacy Steinbrecher, J.V. Probation Supervisor Kingera, and J.V. Probation Director Tomiseth have denied Plaintiff his parental right to visit and communicate with his son in violation of the Americans with Disabilities Act ("ADA"), the Eighth Amendment, and the Equal Protection Clause of the Fourteenth Amendment. Specifically, he asserts that he has not had the same communication and visits as other parents of state-incarcerated minors housed at Eagle Quest, Inc., and this discrimination is a result of Plaintiff's "criminal history, personal traits, and beliefs." Plaintiff has not alleged any facts to support any of the claims advanced in Count One. First, Plaintiff has not stated any ADA claim because he has not alleged he is disabled under the ADA. Second, the Eighth Amendment protects against cruel and unusual punishment and only applies to punishment imposed as a result of conviction of a crime. *Bell v. Wolfish*, 441 U.S. 520, 535-37 & n.16 (1979). The Eighth Amendment simply does not apply here. Third, with regard to Plaintiff's Equal Protection claim, he has not alleged that he was discriminated against based on his membership in any protected class (either gender, national origin, or religion). He also has not asserted that he was intentionally treated differently from others similarly situated (the so-called "class of one" equal protection claim). Accordingly, Plaintiff has not stated any claim for discrimination in Count One upon which relief can be granted, and this claim will be dismissed with leave to amend.

In Count Two, Plaintiff alleges K.E. was unlawfully imprisoned beyond his eighteenth birthday, and beyond the one year statutory maximum for minors. Plaintiff does not have standing to challenge the alleged unlawful imprisonment of his son. Absent statutory authorization, pro se parties may not pursue claims on behalf of others in a representative capacity. *See Simon v. Hartford Life, Inc.,* 546 F.3d 661, 665 (9th Cir. 2008) (collecting cases). In *Johns v. County of San Diego,* the Ninth Circuit held that a parent or guardian may not being suit in federal count on behalf of their child without first retaining an attorney. 114 F.3d 874, 876 (9th Cir. 1997). Additionally as his son is now 18 he is an adult who may suit on his own behalf if he believes he has a claim. Accordingly, Count Two will be dismissed.

Finally, in Count Three, Plaintiff alleges that Defendants Michael and Stacey DiLorenzo retaliated against him by filing criminal charges against him for allegedly making threats against them on October 25, 2010.[1] Even assuming Plaintiff has stated a First Amendment retaliation claim against the DiLorenzo Defendants, that claim is time-barred. Although section 1983 does not provide a specific statute of limitation, 42 U.S.C. § 1988 provides that where the federal law does not provide a statute of limitations, state law shall apply. The Supreme Court has held that in the interest of national uniformity and predictability, all section 1983 claims shall be treated as tort claims for the recovery of personal injuries. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Owens v. Okure*, 488 U.S. 235 (1989). In Nevada, the personal injury statute of limitations is two years. *See* NRS 11.190(4)(e). Because this claim concerns conduct that occurred in October 2010, and Plaintiff's complaint was submitted on August 22, 2013, this claim is time-barred. Count Three will, therefore, be dismissed.

Pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. The court will, however, grant him leave to file an amended complaint. If Plaintiff chooses to amend the complaint, he must set forth his claims in a short, plain and concise manner. See, Fed. R. Civ. P. 8. Plaintiff has submitted a 241 page original Complaint and attachments, which does not comply with Rule 8. A complaint should plainly and concisely state the factual basis for the Plaintiff's claims and should not attach evidentiary support for those claims. If Plaintiff chooses to file an amended complaint, it should be short and concise, stating only his claims against any defendants. Plaintiff should not attach evidentiary support for his claims to his amended complaint.

In addition, Plaintiff is informed that the court cannot refer to a prior pleading (i.e., her original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an amended complaint be complete in itself without reference to

---

[1]Plaintiff alleges he made a "Christian statement" about the fire of the Holy Spirit on that date. However, he has attached the transcript from a hearing held in the criminal case, and it appears Plaintiff told the DiLorenzos he would burn their house down or blow their house up if his son was not released from their care on his eighteenth birthday. *See* Transcript at 8:1-5.

any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**III. Plaintiff's Motion to Appoint Counsel (Dkt. #2).**

Concurrent with his Complaint, Plaintiff also filed a Motion for Appointment of Counsel. Pursuant to 28 U.S.C. § 1915(e)(1), the court may appoint counsel to litigants proceeding in forma pauperis. That statute does not authorize courts to require counsel to represent such litigants but only to request such representation on a pro bono basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304-05 (1989). The appointment of counsel pursuant to section 1915(e)(1) is limited to cases presenting exceptional circumstances. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam). Appointment of counsel is not a matter of right. *See Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982). In deciding whether to appoint counsel, the court should consider the likelihood of the success of the party's claims on the merits, and the ability of the party to articulate claims pro se in light of the complexity of the legal issues involved. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Here, the court has not found that Plaintiff's Complaint states a claim upon which relief can be granted. Accordingly, the Motion to Appoint Counsel (Dkt. #2) will be denied without prejudice so that Plaintiff may re-file it if and when he states a viable claim.

Based on the foregoing,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred and fifty dollars.
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.
3. The Clerk of Court shall file Plaintiff's Complaint.
4. Plaintiff's Complaint is DISMISSED with leave to amend.
5. Plaintiff shall have until **April 18, 2014,** to file an amended complaint, if he believes he

can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

6. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **2:13-cv-01530-JAD-PAL**, above the words "FIRST AMENDED"in the space for "Case No."

7. Plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

8. Plaintiff's Motion to Appoint Counsel (Dkt. #2) is DENIED WITHOUT PREJUDICE.

Dated this 18th day of March, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE