UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Carl Dean Edwards,

        Plaintiff

v.

Clark County, Nevada, et al.,

        Defendants

Case No. 2:13-cv-1530-JAD-PAL

**Order Dismissing Case**

*Pro se, in forma pauperis* prisoner Carl Dean Edwards's 42 U.S.C. § 1983 claims were screened by U.S. Magistrate Judge Peggy Leen pursuant to 28 U.S.C. § 1915, and Judge Leen dismissed Edwards's claims but gave him until April 18, 2014, to file an amended complaint. Doc. 5 at 5-6. By May 20, 2014, Edwards had failed to file an amended complaint or explain why he had failed to do so; Magistrate Judge Leen recommended that this case be dismissed for Edwards's failure to comply with her prior order. Doc. 7 at 1. On June 4, 2014, Edwards filed a "notice of appeal"—which I liberally construed as an objection to Judge Leen's report and recommendation—in which he claimed that "the subsequent amended complaint was refiled . . . and repeatedly returned by the pod officers and Clark County's High Desert Prison." Doc. 8 at 1. Edwards claimed this demonstrates that Clark County was interfering with his attempt to prosecute this lawsuit. *Id.* at 2. Although I agreed with Magistrate Judge Leen's conclusions based on the information she had available to her at the time, I found that Edwards had presented me with new information, and, out of an abundance of caution and in the interests of justice, I gave Edwards one more chance to file his amended complaint by May 4, 2015. Doc. 9 at 1-2. Edwards has failed to avail himself of this final extension.

Under Federal Rule of Civil Procedure 41(b), "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the order states otherwise, a dismissal under this subdivision . . . operates as an adjudication

on the merits."[1] Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss an action *sua sponte* for failure to prosecute.[2] "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."[3]

Consideration of all five factors in this case favors dismissal of Edwards's action with prejudice. The first two factors favor dismissal because this action has been pending since 2013, and Edwards has had ample opportunity to amend his complaint, but has failed to do so. I note that there is no risk of prejudice to the defendants, who have not yet appeared in the case; and I have already explored the less drastic alternatives by permitting plaintiff leave to amend his complaint. Finally, Magistrate Judge Leen already considered the merits of Edwards's claims and recommended dismissal.

## Conclusion

Accordingly, it is **HEREBY ORDERED** that Edwards's case is dismissed with prejudice for his failure to file an amended complaint by May 4, 2015, in accordance with my April 15, 2015, order. The clerk of court is instructed to enter judgment accordingly and close this case.

DATED May 6, 2015.

Jennifer A. Dorsey
United States District Judge

---

[1] Fed. R. Civ. Proc. 41(b). Such a dismissal does not operate as an adjudication on the merits in several circumstances, none of which are applicable here. *See id.*

[2] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances").

[3] *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).