# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Carl Dean Edwards,

    Plaintiff

v.

Clark County, Nevada, et al.,

    Defendant

2:13-cv-01530-JAD-PAL

**Order Certifying That *In Forma Pauperis* Status Should Not Continue on Appeal**

    Pro se plaintiff Carl Dean Edwards sued defendants under 42 U.S.C. § 1983 for claims arising out of the incarceration of his son, K.E., in juvenile custody, and his parental right to visit and communicate with his son. Magistrate Judge Peggy Leen granted Edwards's application to proceed *in forma pauperis* and, after screening his complaint, dismissed this case for failure to state a claim upon which relief could be granted but gave Edwards until April 18, 2014, to file an amended complaint.[1] By May 20, 2014, Edwards had failed to file an amended complaint or explain why he had failed to do so; Magistrate Judge Leen recommended that this case be dismissed for Edwards's failure to comply with her prior order.[2]

    On June 4, 2014, Edwards filed a "notice of appeal"—which I liberally construed as an objection to Judge Leen's report and recommendation.[3] Although I agreed with Magistrate Judge Leen's conclusions based on the information she had in front of her at the time, I found that Edwards had presented me with new information that "his amended complaint was refiled . . . and repeatedly returned to the pod officers and Clark County's High Desert Prison" where he was incarcerated and, therefore, out of an abundance of caution, I sustained Edwards's objection and permitted Edwards

---

[1] ECF No. 5.

[2] ECF No. 7 at 1.

[3] ECF No. 13.

Page 1 of 3

one final opportunity to file an amended complaint.[4]  I cautioned Edwards, however, that he must file an amended complaint by May 4, 2015.[5]  Edwards failed to avail himself of the final extension.  So on May 6, 2015, after finding that the five factors in *Pagtalunan v. Galaza*[6] weighed in favor of dismissal, I dismissed this case with prejudice.[7]

On May 11, 2015, Edwards appealed my dismissal order to the Ninth Circuit.[8]  It was not until a month later that he finally—but far too late—filed an amended complaint in this now-closed case.[9]  The Ninth Circuit has referred this matter back to me to determine whether Edwards's *in forma pauperis* status should continue on appeal, which requires me to determine whether his appeal is frivolous or taken in bad faith.[10]

This case was dismissed at the trial level for failure to state a claim upon which relief could be granted, and Edwards was given two chances to amend—both of which he squandered.  Accordingly, for the reasons set forth in my dismissal order,[11] I HEREBY CERTIFY that this appeal is frivolous and taken in bad faith and that *in forma pauperis* status should not continue on appeal.

. . .

. . .

. . .

---

[4] ECF No. 9.

[5] *Id.* at 2.

[6] *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (listing the five factors courts use to determine whether dismissal of a claim for failure to prosecute or failure to comply with a court order is appropriate).

[7] ECF No. 10.

[8] ECF No. 13.

[9] ECF No. 12.

[10] *See* 28 U.S.C. § 1915(a)(3); *see also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).

[11] ECF No. 10.

1    The Clerk of Court is directed to send a copy of this order to the U.S. Court of Appeals for
2 the Ninth Circuit (reference case number 17-15731).
3    Dated this 24th day of April, 2017.

_____
Jennifer A. Dorsey
United States District Judge